# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IGHADARO AGHATISE,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>ROYAL GUARDS SOLUTION LLC,<br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Ighadaro Aghatise ("Aghatise")—brings this action individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Putative Collective Members")—who worked for Defendant—Royal Guards Solution LLC ("Royal Guards")—anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. Plaintiff's FLSA claims are asserted as a collective action under 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Royal Guards, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and have not been paid overtime in violation of federal law.

3. Plaintiff and the Putative Collective Members regularly worked (and continue to work) in excess of forty (40) hours per week.

4. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Specifically, Royal Guards' regular practice was (and is) to pay Plaintiff and the Putative Collective Members only their regular rate of pay for all hours worked, including hours worked in excess of forty (40) hours per workweek.

6. In addition to its failure to pay overtime compensation, Royal Guards also made improper deductions to the Plaintiff and Putative Collective Members' wages.

7. The effect of Royal Guards' practice was (and is) that Royal Guards failed to properly compensate Plaintiff and the Putative Collective Members for all of their hours worked at the rates required under the FLSA.

8. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Collective Members seek to recover all unpaid wages, unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Aghatise was employed by Royal Guards during the relevant time period. Plaintiff Aghatise did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former employees who were employed by Royal Guards, anywhere in the United States, at any time from February 6, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13. Defendant Royal Guards Solution LLC is a Texas limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Anthony Onyemordi, 6009 English Manor Road, Denton, Texas 76210.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. Plaintiff has not entered into any arbitration agreement that would affect the Court's subject-matter jurisdiction

16. This Court has general and specific personal jurisdiction over Royal Guards because the claims against Royal Guards arose within this District as a result of Royal Guards' conduct within this District and Division and because Texas qualifies as its home state.

---

[1] The written consent of Ighadaro Aghatise is attached hereto as Exhibit "A."

17. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

18. Specifically, Plaintiff Aghatise worked for Royal Guards in Denton, Texas and Royal Guards corporate headquarters is in Denton, Texas—all of which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

19. Royal Guards provides security services to its corporate clients throughout Texas.[2]

20. To provide its services, Royal Guards employed (and continues to employ) numerous non-exempt security guards—including Plaintiff and the Putative Collective Members.

21. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22. Plaintiff and the Putative Collective Members are (or were) employed by Royal Guards for the three years preceding the filing of this Complaint through the final disposition of this matter.

23. Plaintiff and the Putative Collective Members were responsible for providing security services to Royal Guards' clients.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as Royal Guards) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

25. During their employment with Royal Guards, Plaintiff and the Putative Collective Members typically worked five (5) days a week, and approximately twelve (12) hours per day.

---

[2] https://www.royalguards.net/about/

26. On average, Plaintiff and the Putative Collective Members worked between fifty (50) hours and sixty (60) hours per workweek.

27. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Royal Guards resulting in the complained of FLSA violations.

28. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, in that they all provided security services to Royal Guards' customers.

29. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and are not paid overtime compensation at a rate not less than one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

30. Plaintiff and the Putative Collective Members are similarly situated with respect to the policies (and practices) of Royal Guards resulting in the complained of FLSA violations.

## Royal Guards Does Not Pay Overtime Compensation

31. Specifically, Royal Guards does not compensate Plaintiff and the Putative Collective Members at a rate not less than one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

32. Instead, Royal Guards pays the Plaintiff and Putative Collective Members only their regular rate of pay for all hours worked, including overtime hours.

33. Royal Guards' failure to pay Plaintiff and the Putative Collective Members' overtime compensation resulted (and continues to result) in Plaintiff and the Putative Collective Members overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

34. As a result of Royal Guards' failure to compensate Plaintiff and the Putative Collective Members for all hours worked, Plaintiff and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

**Royal Guard Profits Through Improper Deductions**

35. In addition to not paying overtime compensation to its non-exempt employees, Royal Guards also makes improper wage deductions.

36. Specifically, Royal Guards applies a deduction for "uniforms" each pay period.

37. Although uniform deductions may be properly applied to an employee's wages, the amount deducted by Royal Guards is improper because the amount deducted does not reflect the reasonable cost of the uniform to Royal Guards and, thus, results in profit to Royal Guards.

38. Royal Guards knew that it weas not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA, as Plaintiff Aghatise informed Royal Guards that it was violating the law by failing to pay overtime compensation.

39. Royal Guards knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of wages in violation of the FLSA due to its improper deductions.

40. Royal Guards knew or should have known that its failure to pay the correct amount of wages to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

41. Because Royal Guards did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek and employed improper deductions, Royal Guards' pay policies and practices willfully violated (and continue to violate) the FLSA.

# V.
# CAUSE OF ACTION

**A.  FLSA COVERAGE**

42. The foregoing paragraphs are incorporated as though fully set forth herein.

43. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER SECURITY GUARDS WHO WORKED FOR ROYAL GUARDS SOLUTION LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 6, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

44. At all material times, Royal Guards has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

45. At all material times, Royal Guards has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

46. At all material times, Royal Guards have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47. Specifically, Royal Guards operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

48. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Royal Guards, these individuals provided services for Royal Guards that involved interstate commerce for purposes of the FLSA.

49. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 207(a).

50. Specifically, Plaintiff and the FLSA Collective Members traveled on interstate highways and used goods, tools, and materials purchased in interstate commerce. 29 U.S.C. § 203(j).

51. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

52. The proposed collective of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in ¶ 43.

53. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Royal Guards.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

54. Royal Guards has violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55. Moreover, Royal Guards knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

56. Royal Guards is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

57. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less knowledgeable employees who trusted Royal Guards to pay them according to the law.

58. The decisions and practices by Royal Guards to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

59. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

60. The foregoing paragraphs are incorporated as though fully set forth herein.

61. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Royal Guards' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

62. Other similarly situated employees of Royal Guards have been victimized by Royal Guards' patterns, practices, and policies, which are in willful violation of the FLSA.

63. The FLSA Collective Members are defined in ¶ 43.

64. Royal Guards' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Royal Guards, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

65. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

66. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

67. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

68. Whether or not the issues of damages could be individual in character, there is no detraction from the common nucleus of liability facts.

69. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Royal Guards will retain the proceeds of its rampant violations.

70. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

71. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 43 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

72. Plaintiff respectfully prays for judgment against Royal Guards as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 43 and requiring Royal Guards to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Royal Guards liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined

in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

   g. For an Order awarding Plaintiff Aghatise a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Royal Guards, at Royal Guards' expense, should discovery prove inadequate; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 6, 2024     Respectfully submitted,

              **ANDERSON ALEXANDER, PLLC**

          By: /s/ *Clif Alexander*
             **Clif Alexander**
             Texas Bar No. 24064805
             clif@a2xlaw.com
             **Austin W. Anderson**
             Texas Bar No. 24045189
             austin@a2xlaw.com
             **Lauren E. Braddy**
             Texas Bar No. 24071993
             lauren@a2xlaw.com
             **Alan Clifton Gordon**
             Texas Bar No. 00793838
             cgordon@a2xlaw.com
             **Carter T. Hastings**
             Texas Bar No. 24101879
             carter@a2xlaw.com

101 N. Shoreline Blvd. Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***