UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **IGHODARO AGHATISE, Individually and on behalf of all others similarly situated,**<br>**Plaintiff,**<br>**v.**<br>**ROYAL GUARDS SOLUTION LLC,**<br>**Defendant.** | **Case No. 4:24-CV-00102-ALM**<br>**JURY TRIAL DEMANDED**<br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |

**PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION FOR §216(b) CERTIFICATION AND NOTICE TO THE PUTATIVE COLLECTIVE MEMBERS**

Plaintiff, Ighodaro Aghatise, individually and on behalf of all others similarly situated ("Plaintiff and the Putative Collective Members") files this Reply in Support of his Motion for § 216(b) Certification and Notice to the Putative Collective Members, and will respectfully that Certification is warranted in this matter.

## I. INTRODUCTION

Plaintiff presented compelling evidence that he and the Putative Collective Members—current and former Security Officers wo worked for Defendant Royal Guards Solution, LLC's ("RGS")—are similarly situated. In its Response, Defendant failed to raise an argument countering Plaintiff's strong showing. Instead, Defendant's Response highlighted the appropriateness of certification.

Defendant admits, as it must, that its hourly paid Security Officers are not paid any overtime, regardless of the number of hours worked each week. *See* ECF No. 9, PageID # 141; ECF No. 8-3, PageID # 82. Though Defendant attempts to distinguish the job duties of Plaintiff from those of the Putative Collective Members, it cannot. They are all Security Officers who are paid by the hour to provide security services to Defendant's clients. Any other distinctions (such as whether they are

armed or unarmed, or guard a gate entrance or walk a perimeter) are irrelevant to the analysis before this Court.

The remainder of issues addressed by Defendant are appropriate for a dispositive motion and relate not to whether Plaintiff and the Putative Collective Members are similarly situated, but instead whether they can recover at all, and if so, how much. These issues are not relevant to the certification issues before this Court. Defendant did not challenge the form of Plaintiff's proposed notice or the manner and method for its distribution.

## II. ARGUMENT & AUTHORITY

### A. Plaintiff and the Putative Collective Members are Similarly Situated.

As set forth in greater detail in Plaintiff's Motion, Plaintiff and the Putative Collective Members are or were employees of RGS, performed similar (if not identical) job duties, were compensated in the same or similar manner, were subject to the same unlawful compensation policy wherein they were denied overtime compensation regardless of the number of hours they worked each workweek, regularly worked more than forty (40) hours a week, and all suffered a common injury as a result of Defendant's company-wide violation of the FLSA.

Courts applying *Swales* regularly certify collective actions where the plaintiff demonstrates that each member of the proposed collective had the same job title or job description and was similarly paid for their work. *See Collins v. Pel-State Bulk Plant, LLC*, No. 20-cv-83, 2021 WL 5234968, at *3 (W.D. Tex. Sept. 29, 2021); *Sterling v. Greater Hous. Transp. Co.*, No. H-20-910, 2021 WL 2954663, at *2–3 (S.D. Tex. July 14, 2021) (same). Here, Plaintiff and the Putative Collective Member share factual and employment settings: (a) they all performed the same work, ECF No. 8-1, ¶¶ 6–7; ECF No. 8-2; and ECF No. 8-3, 23:12–16; 23:17–23, 24:1–12, 65:17–66:3 (recognizing that *every* job performed by Plaintiff and the Putative Collective members related to providing security services to Defendant's clients); (b) they all sign the same contract for employment, which states they will not receive overtime

pay, ECF No. 8-3, 33:9–25; ECF No. 8-4); (c) they are all paid by the hour, ECF No. 8-3 39: 18–20; 75:6–9; and (d) they are all subject to the same illegal policy in that they are not paid any overtime compensation. *See id.* at 37:7–10; 48:19–22; ECF No. 8-5. Because they perform the same type of work, are paid the same way, and are subject to the same alleged illegal policy, certification is proper. *See Britt*, 2022 WL 331210, at *3.

RGS's attempts to artificially insert distinctions between Plaintiff and the Putative Collective Members fail. As addressed above, the minor differences RGS's Security Officers face between job sites are not relevant to the similarly situated analysis in light of the strong showing that they were all paid (and not paid) the same way for doing the same type of work on behalf of RGS's clients.

**B. Defendant's Arguments Against Certification Are Merits Based, and are Untimely**

Defendant's Response focused on merits-based Arguments to controvert Plaintiff's arguments in support of certification. First, Defendant maintains that not all Putative Collective Members worked more than forty (40) hours a week. Second, Defendant maintains that it is not subject to the FLSA. The Fifth Circuit has made it clear, however, that *Swales* does not permit the insertion of merits-based issues into the similarly situated analysis. *See Segovia v. Fuelco Energy, LLC*, No. SA-17-CV-1246-JKP, 2021 WL 2187956, at *7 (W.D. Tex. May 28, 2021). Instead, courts must consider whether questions going to the merits of the litigation *can* be answered collectively. *Id.* (citing *Swales*, 985 F.3d at 442)). "*Swales* discourages courts from weighing in on the merits at th[e notice stage]." *Torres v. Chambers Protective Servs.*, No. 5:20-CV-212-H, 2021 WL 3419705, at *10 (N.D. Tex. Aug. 5, 2021).

### 1. Whether All Putative Collective Members Worked Overtime Is a Question of Damages

Defendant mistakenly contends that the Putative Collective Members did not regularly work overtime to thwart certification.[1] The amount of overtime each Putative Collective Member worked, however, goes to their available damages, if any. "Whether individualized determinations are necessary to define the extent of Plaintiffs' damages, if any, does not weigh against efficiently establishing Defendants' class-wide liability." *Kibodeaux v. A&D Ints., Inc.*, 579 F. Supp. 3d 896, 910 (S.D. Tex.), *mandamus granted on other grounds, order vacated sub nom. In re A&D Ints., Inc.*, 33 F.4th 254 (5th Cir. 2022) (quoting *Metcalfe v. Revention, Inc.*, No. 4:10-CV-3515, 2012 WL 3930319, at *6 (S.D. Tex. Sept. 10, 2012); *Paschal v. Perry's Restaurants, Ltd.*, No. 1:22-CV-00027-RP, 2023 WL 2784864, at *6 (W.D. Tex. Apr. 4, 2023), *report and recommendation adopted,* No. 1:22-CV-27-RP, 2023 WL 3483902 (W.D. Tex. May 16, 2023) ("That the Court may need to determine damages on an individualized basis does not preclude class certification.")

Should it later be determined that a Putative Collective Member who filed their written Consent to Join Form after receiving notice of this action did not work any overtime, Defendant may address that issue via the appropriate motion. At that point, the individual would have the ability to provide any relevant facts in support of their claims.

### 2. Whether Defendant Is a Covered Employer Under the FLSA Goes to the Merits of Plaintiff's Claims

Defendant maintains that it is not a covered employer under the FLSA. Instead of raising its coverage issue as a defense to certification, Defendant should move for summary judgment on that

---

[1] Defendant utilizes the *de minims* argument incorrectly. It is undisputed that Defendant did not pay Plaintiff and the Putative Collective Members overtime compensation and 1.5 times their regular rate of pay for all hours worked over forty (40). It paid them their straight hourly rate without regard to their entitlement to overtime. Defendant maintains that its error was *de minims*, without acknowledging that the *de minims* doctrine can only apply to work performed off-the-clock. *See Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 399 (5th Cir. 2020) (addressing the *de minims* doctrine in the context of off-the-clock work).

issue. It has nothing to do with whether Plaintiff and the Putative Collective Members are similarly situated and has no place in the similarly situated analysis. Instead, District courts have long recognized that coverage issues are inherently merits-based.

> However, despite the fact that Defendants [challenged FLSA coverage] Defendants have not filed a motion to dismiss or motion for summary judgment and instead waited more than two months after initially filing an answer to raise this threshold issue. Defendants seemingly have exclusive control of the information needed for the Court to decide the issue and have failed to point to any case law indicating that courts may properly make a merits determination on this issue at the initial, notice stage of conditional certification. Indeed the Court is persuaded by recent decisions within this District concluding that the issue of whether a defendant is a business enterprise engaged in commerce is not pertinent to conditional certification analysis. The Court will grant conditional certification and leave the coverage issue to be addressed after the parties have had an opportunity to engage in discovery on the issue.

*Bridges v. Absolute Lawn Care LA, LLC*, No. CV 16-448, 2016 WL 6440326, at *11 (E.D. La. Nov. 1, 2016) (internal citations omitted).

**C. Certification is Fair and will Provide for Efficient Litigation**

Defendant argues that the small size of the collective renders certification somehow "unfair" without further specifying why or how that is the case. On the contrary, the relatively small collective at issues negates any perceived unfairness as courts are often concerned with large and unwieldy collectives that may prove to be unmanageable to handle on a representative basis. Given RGS's common treatment of Plaintiff and Putative Collective Members, "the policy objectives of reducing the cost and increasing efficiency are best furthered by . . . collective [treatment]." *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316(PAC), 2006 WL 2819730, at *11 (S.D.N.Y. Sept. 29, 2006). This is in line with the FLSA's remedial nature as it allows "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Sperling*, 493 U.S. at 170.

## III. CONCLUSION

Plaintiff has more than met his minimal burden to show that other similarly situated individuals exist, that the legal issues may be addressed collectively, and that fairness and procedural concerns all favor certification.

Date: October 4, 2024

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd. Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander